UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| PATRICK LEFT HAND BULL,<br><br>Plaintiff,<br><br>vs.<br><br>DERRIK SCHUSTER, Deputy Director at Community Alternative of the Black Hills in his individual and official capacity,<br><br>Defendant. | 5:24-CV-05082-CCT<br><br>**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND 1915 SCREENING** |

Plaintiff Patrick Left Hand Bull, an inmate at the Federal Correctional Institute - Pekin,[1] filed a pro se lawsuit. Docket 1. He moves for leave to proceed in forma pauperis and submitted his prisoner trust account report. Dockets 2, 3. He also filed a motion to appoint counsel. Docket 5.

I.  **Motion for Leave to Proceed in Forma Pauperis**

Under the Prison Litigation Reform Act, a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The Court may, however, accept partial payment of the initial filing fee where appropriate. Therefore, "[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an

---

[1] At the time Left Hand Bull filed his complaint, he was incarcerated at the Winner County Jail. Docket 1. He was later transferred to the Pennington County Jail (Docket 7), transferred back to the Winner County Jail (Docket 8), and then transferred to the Federal Correctional Institute - Pekin (Docket 9).

installment plan." *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (per curiam) (alteration in original) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1). Left Hand Bull reports an average monthly balance for the past six months in his prisoner trust account of $11.16 and an average monthly deposit of $11.16. Docket 3 at 1. Thus, this Court grants Left Hand Bull's motion for leave to proceed in forma pauperis, Docket 2, and waives his initial partial filing fee because his initial partial filing fee would be more than his current balance. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

2

28 U.S.C. § 1915(b)(2). The installments will be collected pursuant to this procedure. The Clerk of Court will send a copy of this order to the appropriate financial official at Left Hand Bull's institution. Left Hand Bull remains responsible for the entire filing fee, as long as he is a prisoner. *See In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997).

## II. 1915 Screening

### A. Factual Allegations of Left Hand Bull's Complaint

Left Hand Bull claims that in the fall of 2024, this Court sent three amended orders of release to the Community Alternative of the Black Hills (CABH) Halfway House.[2] Docket 1 at 4. CABH Deputy Director Derrik Schuster rejected all three requests knowing that Left Hand Bull was a homeless individual incarcerated at the Pennington County Jail. *Id.* Schuster also allegedly knew that Left Hand Bull was working to participate in the CABH Halfway House reentry program. *Id.* Left Hand Bull claims that staying at the CABH Halfway House would have provided a huge opportunity for him to find employment and save money for rent and a deposit, so that he could put his life back together and not be homeless when released. *Id.*

---

[2] This Court takes judicial notice that Left Hand Bull appears to be referencing this Court's Order and Amended Order Setting Conditions of Release after he pleaded guilty and was awaiting sentencing. *United States v. Left Hand Bull*, 5:24-CR-50090-CCT Dockets 25, 27. *See United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981) ("Judicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it." (quoting *St. Louis Baptist Temple, Inc. v. F.D.I.C.*, 605 F.2d 1169, 1172 (10th Cir. 1979)). This Court will refer to filings in his relevant criminal case by the case number followed by this Court's docket number.

Left Hand Bull sues Schuster in his individual and official capacity. *Id.* at 2. Left Hand Bull seeks $100,000 in lost wages because of Schuster's choice to not let him into the CABH. *Id.* at 7. He also requests to be released to the CABH for six-to-twelve months so he can work to save for a rental deposit. *Id.*

### B. Legal Standard

A court when screening under § 1915 must assume as true all facts well pleaded in the complaint. *Est. of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam) (citation omitted); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007) (per curiam) (citations omitted).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation omitted). If a complaint does not contain these bare essentials, dismissal is appropriate. *See Beavers v. Lockhart*, 755 F.2d 657, 663–64 (8th Cir. 1985). *Twombly* requires that a complaint's "[f]actual

allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." 550 U.S. at 555 (internal citation omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a complaint "must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing *Twombly*, 550 U.S. at 553–63)). Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (internal quotation omitted) (quoting *Twombly*, 550 U.S. at 556).

When a district court determines a plaintiff is financially eligible to proceed in forma pauperis under 28 U.S.C. § 1915(a), the court must then determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B). *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982); *see also Key v. Does*, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016). The court must dismiss claims if they "(i) [are] frivolous or malicious; (ii) fail[ ] to state a claim on which relief may be granted; or (iii) seek[ ] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[3]

---

[3] This Court screens Left Hand Bull's complaint under only 28 U.S.C. § 1915(e), not under 28 U.S.C. § 1915A(b). Left Hand Bull was a prisoner at the time he filed his complaint, but § 1915A requires that the plaintiff "seek[] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Because it is unclear from Left Hand Bull's filings whether or not Schuster could be considered a government actor for *Bivens* purposes, this Court does not apply § 1915A when

### C. Left Hand Bull's Cause of Action

Left Hand Bull claims that Schuster acted under color of state and federal law and sues Schuster under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Docket 1 at 1–2.

#### 1. § 1983 Claim

In Left Hand Bull's complaint, he checked a box indicating that this Court has jurisdiction over his claims under 42 U.S.C. § 1983. Docket 1 at 1. A § 1983 claim may be brought against state actors for violations of a federal statutory or constitutional right. 42 U.S.C. § 1983. "[A] private party may be held liable on a § 1983 claim if 'he is a willful participant in joint action with the State or its agents.' " *Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir. 1993) (quoting *Dennis v. Sparks*, 449 U.S. 24, 27 (1980)). "[A] plaintiff seeking to hold a private party liable under § 1983 must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor." *Id.*

Here, Left Hand Bull claims that Schuster is employed by CABH. Docket 1 at 1. Left Hand Bull does not indicate that CABH is a state entity or program or that CABH contracts with a state to provide services while acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 56 n.15 (1988). Further, Left Hand Bull does not allege that Schuster was a state actor or that Schuster was

---

screening his complaint. This Court's analysis would not change if § 1915A was applied.

a willful participant in joint action with a state or its agents. *See generally* Docket 1. Thus, Left Hand Bull has failed to state a claim under § 1983.

### 2. *Bivens* Claim

Left Hand Bull sues Schuster in his individual and official capacities. Docket 1 at 2. In his complaint, Left Hand Bull also checked a box indicating that his claims arise under *Bivens*. *Id.* at 1. "A *Bivens* claim is a cause of action brought directly under the United States Constitution against a federal official acting in his or her individual capacity for violations of constitutionally protected rights." *Buford v. Runyon*, 160 F.3d 1199, 1203 n.6 (8th Cir. 1998) (citing *Bivens*, 403 U.S. 388).

#### a. Official Capacity Claims

Official capacity claims are equivalent to a suit against the employer. *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Left Hand Bull alleges that Schuster is an employee of CABH. Docket 1 at 2. CABH is operated by the GEO Group, Inc., which contracts with the Federal Bureau of Prisons as a residential reentry center. The GEO Group, *GEO Care Reentry Services Residential Reentry Facilities*, https://www.geogroup.com/prea-certification-information/ (last visited June 13, 2025); Fed. Bureau of Prisons, *GEO Reentry, Inc.*, https://www.bop.gov/locations/rrc/index.jsp?contract=5ZZ (last visited June 13, 2025). In *Correctional Services Corp. v. Malesko*, the Supreme Court held that *Bivens* was not "extended to allow recovery against a private corporation operating a halfway house under contract with the Bureau

of Prisons." 534 U.S. 61, 63 (2001). Thus, Left Hand Bull has failed to state an official capacity *Bivens* claim against Schuster.

Even if this Court were to instead construe an official capacity claim against Schuster to be a claim against the United States, Left Hand Bull has not alleged any waiver of sovereign immunity. Further, he requests money damages of $100,000, and "[t]he defense of sovereign immunity blocks suits against the United States for money damages in excess of $10,000.00 unless brought in the Court of Claims under the Tucker Act, 28 U.S.C. §§ 1346 and 1491." *Moessmer v. United States*, 613 F. Supp. 336, 338 (E.D. Mo. 1985) (citing *Clark v. United States*, 596 F.2d 252, 253 (7th Cir. 1979)). To the extent that he seeks release, Left Hand Bull has been sentenced and committed to the custody of the Bureau of Prisons, and he has not filed a petition challenging his sentence. *Left Hand Bull*, 5:24-CR-50090-CCT Docket 31.

      **b.**    **Individual Capacity Claims**

Liberally construing Left Hand Bull's complaint, he alleges a *Bivens* claim against Schuster in his individual capacity. The Supreme Court in *Minneci v. Pollard*, 565 U.S. 118 (2012), held that a federal prisoner could not seek an Eighth Amendment damages claim under *Bivens* against an employee of a privately operated federal prison because "that conduct is of a kind that typically falls within the scope of traditional state tort law[.]" 565 U.S. at 131. In light of *Minneci*, courts differ on whether *Bivens* actions can be brought against an employee of a private company that contracts with the federal government. *See Shapiro v. Cmty. First Servs., Inc.*, No. 11–CV–4061, 2014 WL

8

1276479, at *6 (E.D.N.Y. Mar. 27, 2014). Several courts have held that *Bivens* claims are not actionable against employees of the GEO Group in their individual capacities. *See Ifeanyichukwu v. Geo Grp.*, No. SA-24-CV-01128-JKP, 2025 U.S. Dist. LEXIS 32527, at *8–9 (W.D. Tex. Feb. 23, 2025); *Kingsley v. United States*, No. 24-3193-JWL, 2024 WL 5165728, at *4 (D. Kan. Dec. 19, 2024); *Holly v. Scott*, 434 F.3d 287, 291 (4th Cir. 2006) ("It is uncontested that defendants are employees of GEO, a wholly private corporation in which the federal government has no stake other than a contractual relationship. We decline to extend *Bivens* to impute liability in such circumstances."). In *Flores v. United States*, 689 F.3d 894 (8th Cir. 2012), the Eighth Circuit affirmed dismissal of *Bivens* claims against a federal contractor and an employee of a private contractor because state law provided an adequate alternative tort action. *Id.* at 902–03. However, this Court is not aware of any Eighth Circuit precedent for when a claim against an employee of a federal contractor is not easily comparable to a state law tort claim.

The Supreme Court noted that it has only recognized *Bivens* actions in three contexts: (1) a Fourth Amendment unconstitutional search or seizure in *Bivens*, (2) a Fifth Amendment equal protection claim under the Due Process Clause against the employer for sex-based discrimination in *Davis v. Passman*, 442 U.S. 228 (1979), and (3) an Eighth Amendment claim for deliberate indifference to a prisoner's serious medical needs resulting in his death in *Carlson v. Green*, 446 U.S. 14 (1980). *See Ziglar v. Abbasi*, 582 U.S. 120, 131 (2017). In order to determine whether a *Bivens* claim is cognizable, the

Supreme Court instructed courts to follow a two-step inquiry: (1) whether the claim in question is meaningfully different from all of the three cases where the Court implied a damages action, and (2) if the claim meaningfully differs, courts look to whether there are special factors counseling hesitation because implying a new cause of action in the absence of affirmative action by Congress. *Egbert v. Boule*, 596 U.S. 482, 491 (2022); *Ziglar*, 582 U.S. at 139.

Liberally construing Left Hand Bull's complaint, he alleges a Fifth Amendment due process claim because he was denied housing at the CABH, despite a court order releasing him. Docket 1 at 4. "An implied damages remedy through a *Bivens* action has been recognized for a violation of the Due Process Clause under the Fifth Amendment." *Valentine v. U.S. Marshals*, 4:20-CV-04206-KES, 2021 WL 664808, at *2 (D.S.D. Feb. 19, 2021).

In order to allege a Fifth Amendment procedural due process claim, the plaintiff must show that (1) he or she has a protected liberty or property interest and (2) defendants deprived plaintiff of the protected interest without adequate due process. *Schmidt v. Des Moines Pub. Sch.*, 655 F.3d 811, 817 (8th Cir. 2011). To establish a Fifth Amendment substantive due process claim, Left Hand Bull must allege "(1) that the official violated one or more fundamental constitutional rights, and (2) that the conduct of the executive official was shocking to the contemporary conscience." *Flowers v. City of Minneapolis*, 478 F.3d 869, 873 (8th Cir. 2007) (citation modified).

In Left Hand Bull's relevant criminal case, this Court ordered that he "shall reside at Community Alternatives of the Black Hills when a bed is

available as determined by pretrial services." *Left Hand Bull*, 5:24-CR-50090-CCT Docket 25 ¶ 2; *see also Left Hand Bull*, 5:24-CR-50090-CCT Docket 27 ¶ 3. Although it is unclear from Left Hand Bull's filings whether a bed was available at CABH, this Court cannot determine at this time whether his claim is wholly without merit. Thus, Left Hand Bull's Fifth Amendment due process claim survives § 1915 screening by a very thin margin.

### III.   Motion to Appoint Counsel

Left Hand Bull moves for the appointment of counsel. Docket 5. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). When determining whether to appoint counsel to a pro se litigant, the court considers the "factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues." *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (citation omitted). Left Hand Bull's claims do not appear to be factually or legally complex, and his filings clearly set forth his claims. Because this Court believes that Left Hand Bull can adequately present his claims at this time, his motion for appointment of counsel, Docket 5, is denied.

### IV.   Conclusion

Accordingly, it is ORDERED:

1. That Left Hand Bull's motion for leave to proceed in forma pauperis, Docket 2, is granted.

2. That the Clerk of Court shall send a copy of this order to the appropriate financial official at Left Hand Bull's institution.

3. That the institution having custody of Left Hand Bull is directed that whenever the amount in Left Hand Bull's trust account, exclusive of funds available to him in his frozen account, exceeds $10.00, monthly payments that equal 20 percent of the funds credited the preceding month to Left Hand Bull's trust account shall be forwarded to the U.S. District Court Clerk's Office under 28 U.S.C. § 1915(b)(1), until the $350 filing fee is paid in full.

4. That Left Hand Bull's Fifth Amendment due process claim under *Bivens* against Schuster in his individual capacity for money damages survives § 1915 screening.

5. That Left Hand Bull's remaining claims are dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

6. That Left Hand Bull's motion to appoint counsel, Docket 5, is denied.

7. That the Clerk of Court shall send a blank summons form and Marshal Service Form (Form USM-285) to Left Hand Bull so that he may cause the complaint to be served upon Schuster.

8. That Left Hand Bull shall complete and send the Clerk of Court a summons and USM-285 form for Schuster within **thirty days from the date of this Court's screening order**. Upon receipt of the completed summons and USM-285 form, the Clerk of Court will issue the summons. If the completed summons and USM-285 form

are not submitted as directed, the complaint may be dismissed without prejudice.

9. That the Clerk of Court shall prepare and issue summons for service on the United States under Rule 4(i)(3) of the Federal Rules of Civil Procedure.[4]

10. That the United States Marshals Service shall serve the completed summonses, the complaint (Docket 1), and this order upon Schuster and the United States.

11. That Defendant serve and file an answer or responsive pleading to the complaint on or before 21 days following the date of service or 60 days if the Defendant falls under Fed. R. Civ. P. 12(a)(2) or (3).

12. That Left Hand Bull will keep the court informed of his address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the court's Local Rules while this case is pending.

Dated June 17, 2025.

BY THE COURT:

/s/ *Camela C. Theeler*
CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE

---

[4] This Court makes no findings as to whether Schuster is an employee of the United States.