UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| PATRICK LEFT HAND BULL,<br><br>Plaintiff,<br><br>vs.<br><br>DERRIK SCHUSTER, Deputy Director at Community Alternative of the Black Hills in his individual capacity,<br><br>Defendant. | 5:24-CV-05082-CCT<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

Plaintiff Patrick Left Hand Bull, an inmate at the Federal Correctional Institute - Pekin,[1] filed a pro se lawsuit. Docket 1. The Court granted his motion for leave to proceed in forma pauperis, screened his complaint, and directed service by the United States Marshal Service. Docket 11. Left Hand Bull's Fifth Amendment due process claim under *Bivens* against Derrick Schuster, Deputy Director at Community Alternatives of the Black Hills (CABH), in his individual capacity for money damages survived screening. *Id.* at 8–11. Schuster moves to dismiss Left Hand Bull's complaint under Federal Rule of Civil Procedure 12(b)(6). Docket 17. Left Hand Bull did not respond to Schuster's motion to dismiss, and his time for doing so has expired. *See* D.S.D. Civ. LR 7.1(B) (providing that a party opposing a motion must serve and file a

---

[1] At the time Left Hand Bull filed his complaint, he was incarcerated at the Winner County Jail. Docket 1. He was later transferred to the Pennington County Jail (Docket 7), transferred back to the Winner County Jail (Docket 8), and then transferred to the Federal Correctional Institute - Pekin (Docket 9).

brief containing opposing legal arguments and authorities on or before 21 days after service of a motion); Docket 19 at 1.

I. **Factual Background**

When considering a Rule 12(b)(6) motion, a court can take judicial notice of its own records and files. *United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981); *see also Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records"); *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003) ("The district court may take judicial notice of public records and may thus consider them on a motion to dismiss." (citation omitted)). Judicial notice is particularly applicable to a court's own records of prior litigation closely related to the case before it. *Jackson*, 640 F.2d at 617 (citation omitted).

Because Left Hand Bull's complaint arises out of orders this Court entered in a criminal case against him that was pending in the District of South Dakota, this Court takes judicial notice of the filings in that case: *United States v. Left Hand Bull*, 5:24-CR-50090-CCT (D.S.D.). On June 20, 2024, Left Hand Bull was indicted for failure to register as a sex offender in violation of 18 U.S.C. § 2250(a). 5:24-CR-50090-CCT, Docket 1 (D.S.D. June 20, 2024). On June 25, 2024, a magistrate judge ordered that Left Hand Bull be detained pending trial. *Id.* at Docket 9. After Left Hand Bull entered a guilty plea, *id.* at Docket 22, this Court entered an Order Setting Conditions of Release, including that Left Hand Bull "shall reside at Community Alternatives of the Black Hills when a bed is available as determined by pretrial services[,]" *id.* at

2

Docket 25. CABH is operated by the GEO Group, Inc., which contracts with the Federal Bureau of Prisons, as a residential reentry center. *GEO Care Reentry Services Residential Reentry Facilities*, The GEO Group, https://www.geogroup.com/prea-certification-information/ (last visited Feb. 6, 2026); *GEO Reentry, Inc.*, Fed. Bureau of Prisons, https://www.bop.gov/locations/rrc/index.jsp?contract=5ZZ (last visited Feb. 6, 2026). On September 20, 2024, the Court entered an Amended Order Setting Conditions of Release and again required that Left Hand Bull "shall reside at Community Alternatives of the Black Hills, when a bed is available as determined by pretrial services." 5:24-CR-50090-CCT at Docket 27. The Amended Order Setting Conditions of Release[2] directed the United States Marshal to keep Left Hand Bull in custody until notified that Left Hand Bull had complied with all conditions for release. *Id.* During a sentence hearing on November 18, 2024, Left Hand Bull was sentenced to a term of imprisonment of 27 months and committed to the custody of the United States Bureau of Prisons. *Id.* at Docket 31.

    Left Hand Bull alleges that this Court sent three amended orders of release to CABH and that between August 28 and September 19, 2024, Schuster refused all three requests from the Court. Docket 1 at 4. When Schuster refused the requests, Left Hand Bull alleges that Schuster knew that

---

[2] Although Left Hand Bull's complaint alleges that this Court sent three amended orders of release to CABH, *see* Docket 1 at 4, the docket in Left Hand Bull's criminal case, 5:24-CR-50090-CCT, reflects that Court entered an Ordering Setting Conditions of Release (Docket 25) and one Amended Order Setting Conditions of Release (Docket 27).

3

Left Hand Bull was a homeless individual incarcerated at the Pennington County Jail working to participate in the CABH halfway house reentry program. *Id.* Left Hand Bull claims that staying at the CABH halfway house would have provided an opportunity for him to find employment and save money for rent and a deposit, so that he could put his life back together and not be homeless when released. *Id.* Left Hand Bull seeks $100,000 in damages for the wages he alleges he lost due to Schuster's "choice of not letting a homeless individual into CABH-Halfway House." *Id.* at 7.

## II. Analysis

### A. Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the legal sufficiency of the complaint. *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989). When considering a Rule 12(b)(6) motion, the facts alleged in the complaint must be considered true, and all inferences must be drawn in favor of Plaintiff, the nonmoving party. *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir. 2004) (citing *Stone Motor Co. v. Gen. Motors Corp.*, 293 F.3d 456, 464 (8th Cir. 2002)). To survive a motion to dismiss, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet the plausibility standard, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). But "if as a matter of law 'it is clear that no relief could be granted

under any set of facts that could be proved consistent with the allegations,' . . . a claim must be dismissed[.]" *Neitzke*, 490 U.S at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

    **B.**    **Due Process**

As Schuster notes in his memorandum in support of his motion to dismiss, Left Hand Bull's complaint does not "identify any specific constitutional or other right that was allegedly violated." Docket 18 at 1. On screening, this Court liberally construed the complaint to allege an individual capacity claim against Schuster under *Bivens* for violating Left Hand Bull's right to due process under the Fifth Amendment.[3] Docket 11 at 10.

"A *Bivens* claim is a cause of action brought directly under the United States Constitution against a federal official acting in his or her individual capacity for violations of constitutionally protected rights." *Buford v. Runyon*, 160 F.3d 1199, 1203 n.6 (8th Cir. 1998) (citing *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)). In *Bivens*, the United States Supreme Court recognized an implied cause of action under the Fourth Amendment against federal officers for entering and searching the plaintiff's apartment and then arresting him, all without a warrant. 403 U.S. at 389. The Supreme Court has only recognized an implied cause of action for money damages under the

---

[3] As the Court recognized in its screening order, some courts have held that *Bivens* claims are not actionable against employees of GEO Group in their individual capacities. Docket 11 at 9. In his motion to dismiss, Schuster does not argue that a *Bivens* claim against him in his individual capacity is not actionable. *See generally* Docket 18. Thus, for purposes of considering Schuster's motion to dismiss, the Court need not consider this issue.

5

Constitution in two other contexts: a Fifth Amendment equal protection claim under the Due Process clause against a Congressman for gender discrimination, *Davis v. Passman*, 442 U.S. 228, 248–49 (1979), and an Eighth Amendment claim against federal prison officials for failure to treat an inmate's serious medical need that resulted in his death, *Carlson v. Green*, 446 U.S. 14, 24 (1980). *See Ziglar v. Abbasi*, 582 U.S. 120, 131 (2017) (recognizing that "[t]hese three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself").

A *Bivens* remedy is not available for all constitutional violations and expanding the implied cause of action under *Bivens* is "a 'disfavored' judicial activity." *Id.* at 135 (citing *Iqbal*, 556 U.S. at 675). The Eighth Circuit Court of Appeals has adopted a "presumption against judicial recognition of direct actions for violations of the Constitution by federal officials." *Farah v. Weyker*, 926 F.3d 492, 500 (8th Cir. 2019) (quoting *Neb. Beef, Ltd. v. Greening*, 398 F.3d 1080, 1084 (8th Cir. 2005)). Here, Schuster does not argue that Left Hand Bull's claim is meaningfully different from the three cases in which the Supreme Court has recognized an implied damages action under the Constitution. *See generally* Docket 18. Rather, Schuster contends that he is entitled to qualified immunity because there is no constitutional right for placement at a halfway house or constitutional right to presentence release. *Id.* at 5–8. Qualified immunity extends to *Bivens* actions, *Butz v. Economou*, 438 U.S. 478, 507 (1978), and the analysis is identical to the qualified immunity

analysis for § 1983 claims, *Wilson v. Layne*, 526 U.S. 603, 609 (1999). "In addressing . . . qualified immunity, the court must first determine whether the allegations amount to a constitutional violation, and then, whether that right was clearly established." *Hayek v. City of St. Paul*, 488 F.3d 1049, 1054 (8th Cir. 2007) (internal quotation omitted); *see also Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Thus, the Court will assume without deciding that Left Hand Bull's claim is not meaningfully different from the Fifth Amendment due process claim recognized in *Davis v. Passman* and consider whether Left Hand Bull has stated a Fifth Amendment due process claim.

To allege a Fifth Amendment procedural due process claim, Left Hand Bull must show that (1) he has a protected liberty or property interest and (2) Schuster deprived him of the protected interest without adequate due process. *Schmidt v. Des Moines Pub. Sch.*, 655 F.3d 811, 817 (8th Cir. 2011). To establish a Fifth Amendment substantive due process claim, Left Hand Bull must allege "(1) that the official violated one or more fundamental constitutional rights, and (2) that the conduct of the executive official was shocking to the contemporary conscience." *Flowers v. City of Minneapolis*, 478 F.3d 869, 873 (8th Cir. 2007) (citation modified).

Because Schuster allegedly refused to comply with this Court's orders directing that Left Hand Bull be released to the CABH, after Left Hand Bull pleaded guilty, he remained in custody at the Pennington County Jail pending his sentencing. Docket 1 at 4. Even assuming that a bed was available at CABH, Left Hand Bull does not have a liberty interest in confinement at a

7

halfway house rather than the Pennington County Jail that would trigger due process protection. *Elwood v. Jeter*, 386 F.3d 842, 846 (8th Cir. 2004) (stating that a halfway house "is a penal or correctional facility and a place of imprisonment"); *Hayes v. United States*, 281 F.3d 724, 725 (8th Cir. 2002) (stating that while a halfway house is less confining than a jail or prison, it is a substantial restraint on one's liberty appropriately described as "in custody"). The Eighth Circuit has held that removal from a halfway house and participation in work release does not deprive a prisoner of "'the sort of substantial freedom that gives rise to a liberty interest inherent in the Due Process Clause[.]'" *Staszak v. Romine*, 221 F.3d 1344 (8th Cir. 2000) (per curiam) (quoting *Callender v. Sioux City Residential Treatment Facility*, 88 F.3d 666, 668 (8th Cir. 1996)). It is well established that prisoners have no protected liberty interest in assignment to a particular place of confinement. *Moorman v. Thalacker*, 83 F.3d 970, 973 (8th Cir. 1996). Because Left Hand Bull has no protected liberty interest in being placed in a halfway house pending sentencing, he has failed to state a claim for relief for violation of his due process rights under the Fifth Amendment. *See McDonald v. Janson*, No. 5:23-CV-1197-SAL, 2023 WL 8231231, at *2–3 (D.S.C. Nov. 28, 2023); *see also United States v. Madoff*, 316 F. App'x 58, 59 (2d Cir. 2009) (recognizing that there is no constitutional right to presentence release); *Lara-Nava v. United States*, Nos. 2:03-CV-1090 TS, 2:04-CV-752 TS, 2:02-CR-668 TS, 2005 WL 1828733, at *2 (D. Utah July 29, 2005) ("Access to half-way house treatment and other programs by the Bureau of Prisons . . is not a right, and certainly

not a right protected by the United States Constitution or the Civil Rights Act.").

C. **Equal Protection**

Schuster disputes that Left Hand Bull was denied admission to CABH due to "homelessness" but acknowledges that the Court must, for purposes of the motion, assume the facts pleaded in the complaint are true. Docket 18 at 8 n.2. Accordingly, the Court must also consider whether Left Hand Bull has pleaded a viable *Bivens* claim for a Fifth Amendment equal protection violation. To establish a Fifth Amendment equal protection claim, "a prisoner must show that he is treated differently from similarly-situated inmates and that the different treatment is based upon a either a suspect classification or a 'fundamental right.'" *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 815 (8th Cir. 2008) (quoting *Weems v. Little Rock Police Dep't*, 453 F.3d 1010, 1016 (8th Cir. 2006)). Classifications based on religion, alienage, nationality, or race have been considered a suspect classification. *See Graham v. Richardson*, 403 U.S. 365, 372 (1971); *see also Weems*, 453 F.3d at 1016. But courts consistently refuse to define homelessness as a suspect classification. *Sanchez v. City of Fresno*, 914 F. Supp. 2d 1079, 1108 (E.D. Cal. 2012) (collecting cases). Because the alleged refusal to admit Left Hand Bull to CABH was not based upon a suspect classification and Left Hand Bull has no fundamental right to be placed in a halfway house pending sentencing, the complaint fails to state a claim for a Fifth Amendment equal protection violation.

**III.   Conclusion**

For all the reasons discussed above, to the extent a *Bivens* claim is cognizable in the context alleged by Left Hand Bull, Schuster is entitled to qualified immunity because Left Hand Bull has not alleged facts sufficient to state a claim for violation of his right to due process or equal protection under the Fifth Amendment. Schuster's motion to dismiss for failure to state a claim under Rule 12(b)(6), Docket 17, is granted.

Dated February 9, 2026.

BY THE COURT:

/s/ *Camela C. Theeler*
CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE